UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID CRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 02-1647 (RBW) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

The United States Court of Appeals for the District of Columbia Circuit remanded this case, brought under 42 U.S.C. § 1983, for consideration of whether the District of Columbia's alleged failure to provide plaintiff an examination by a medical specialist (urologist) despite the prison physician's referral constituted deliberate indifference and, if so, whether the omission resulted from a municipal policy or custom. *See* Order, No. 05-7050 (Oct. 20, 2005) (affirming in part Order of dismissal issued March 11, 2005). The District of Columbia now moves for summary judgment pursuant to Fed. R. Civ. P. 56, asserting that the undisputed material facts establish that it "consistently and continuously provided [p]laintiff with the specialized care of a urologist." Defendant District of Columbia' Motion for Summary Judgment at 1. Upon consideration of the parties' submissions, the Court will grant defendants' motion for summary judgment and dismiss this case.

I. FACTUAL BACKGROUND

It is undisputed that while detained by the District of Columbia Department of Corrections ("DOC") between December 1996 and May 2001, plaintiff was examined and treated for pain in his testicles. Statement of Undisputed Material Facts in Support of Defendant District of Columbia's Motion for Summary Judgment ("Def's Facts") ¶¶ 2-18. While in DOC's custody, plaintiff was referred to a urologist on December 24, 1996, and on January 23, 1997, was "transferred . . . to the Urology Department at D.C. General Hospital for a consultation." *Id*. ¶ 5. There, "[p]laintiff was evaluated, prescribed with Motrin and Cipro, and ordered to return in one month for additional evaluation," *id.*, but he was released to parole on that same day. *Id*. ¶ 6. Upon plaintiff's return to custody on April 10, 1997, the intake provider realized that plaintiff had been released prior to the previous follow-up appointment and "ordered a urology referral that day." *Id*. ¶ 7. "Plaintiff was also prescribed Cipro and Motrin on a 'priority' basis," *id.*, and "an athletic support." *Id*. ¶ 8.

Plaintiff was transported to the urology clinic at the District of Columbia General Hospital for treatment on May 8, 1997, *id* ¶ 9, October 1, 1997, *id* ¶ 13, and February 18, 1998. *Id*. ¶ 15. He refused treatment on October 1, *id*. ¶ 13, as he had previously done when he was transported to the radiology clinic on August 4, 1997. *Id*. ¶ 11. A cyst in plaintiff's left testicle was discovered during a visit to the radiology clinic on February 4, 1998. *Id*. ¶ 14. During the follow-up visit on February 18, "the urologist determined that because the cyst was stable and had not changed, there was no need for intervention at that time, and that [p]laintiff should follow up when he was symptomatic." *Id*. ¶ 15.

Plaintiff was paroled on August 11, 1998, but was returned to custody on May 17, 1999.  *Id*. ¶ 16.  The medical intake conducted upon his return "noted that [p]laintiff had the testicular mass and a urology consult was ordered."  *Id*.  On May 21, 1999, plaintiff requested a scrotal support, "and an examination was ordered."  *Id*. ¶ 17.  On June 3, 1999, plaintiff was "called to sick call [but was] not on [the] unit [and thus was] unable to come to sick call."  Def's Ex. 18 (Medical Chart) at 8.  Plaintiff was released to a halfway house on May 29, 2001.  *Id*. ¶ 19. Plaintiff was once again returned to custody on September 12, 2001, but during the medical intake conducted the following day, plaintiff "refused to undergo a genitalia examination."  *Id*. ¶ 20. Plaintiff did not complain about testicular pain during his confinement from September 12, 2001 to January 24, 2002, or during a subsequent medical intake conducted on March 16, 2002.  *Id*. ¶¶ 21-23.

## II.  DISCUSSION

Summary judgment is appropriate when no genuine issues of material fact are in dispute and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  In other words, absent disagreement about the facts, Rule 56(c) entitles a movant to judgment where the events cannot be presented in such a way that entitles the non-movant to judgment in his favor.  *Anderson*, 477 U.S. at 247-48.  Material facts are those that "might affect the outcome of the suit under the governing law. . . . "  *Id.* at 248.  When considering a summary judgment motion, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id*. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989).

The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

Plaintiff has not contested defendant's facts, nor has he proffered any evidence to rebut defendant's substantial evidence showing that plaintiff was treated by a urologist pursuant to medical referrals while in the District of Columbia's custody.[1] Rather, plaintiff challenges the timing of his treatment. He claims that while the doctor had ordered that he be seen by a specialist "immediately," he did not see one until six or eight months later. Pl's Oppos. [Dkt. No. 47] at 4. Plaintiff has not cited to anything in the record that supports his position and has not provided the doctor's order or any facts, such as the date of the referral and the date(s) he visited the specialist, from which a reasonable fact finder could determine the accuracy of his position. On the other hand, the evidence, *see* Def's Exs. 3, 5, 8, 11, 13 (refused treatment), 14 (refused treatment), 15 (refused treatment), 16, 17, 18, belies plaintiff's claim of deliberate indifference based on the alleged delayed treatment.

In the absence of a genuine issue of material fact as to whether Department of Correction officials acted with deliberate indifference to plaintiff's specific medical need, the Court concludes that defendant is entitled to judgment as a matter of law. Accordingly, the District of Columbia's motion for summary judgment will be granted.[2]

                                                              _____ s/_____
                                                              Reggie B. Walton
                                                              United States District Judge

Date: July 31, 2006

---

[1] *See* Order of February 21, 2006 (advising plaintiff about his obligations in responding to a summary judgment motion)

[2] A separate Order accompanies this Memorandum Opinion.